IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-291-LPS |
| WARDEN DAVID PIERCE, et al., | : | |
| Defendants. | : | |

Cornell Hester, Pennsylvania Department of Corrections, SCI-Chester, Chester, Pennsylvania, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

September 24, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Cornell Hester ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 2) He is now housed at SCI-Chester in Chester, Pennsylvania. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) Before the Court is Defendants' motion to dismiss and Plaintiff's opposition. (D.I. 12, 14)

## II. BACKGROUND

Plaintiff was an inmate at the VCC when a February 1-2, 2017 hostage incident took place and resulted in the death of a corrections officer. Plaintiff was housed in C Building at the VCC. He alleges he was an inmate hostage and then beaten during the rescue. Following the incident, Plaintiff was transferred to the Secured Housing Unit ("SHU"). Prior to the transfer, Plaintiff had a medium status level classification. Plaintiff alleges his placement in SHU violated the Eighth Amendment as well as his right to due process. He states that former VCC Warden David Pierce ("Pierce") considered all 120 inmate hostages as suspects and placed them in maximum confinement. According to Plaintiff, this placement meant he was "illegally found guilty" when he had not been charged with a crime.

Plaintiff also alleges that he sustained a serious injury when he was taken hostage, was mentally and emotionally oppressed, and was having anxiety attacks. He also alleges he was kicked in the back and, as a result, threw up blood for 38 days, without receiving medical attention or treatment. Plaintiff alleges that he was denied medical attention and treatment on direct order from Pierce. Plaintiff alleges that is "having mental psychological defects" from the maximum security

1

housing. He has requested mental health help and has been on a waiting list since the hostage incident. He commenced this action on March 20, 2017.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that three of the four defendants are not mentioned in the Complaint and Pierce appears to have been named because he was a warden at the time of the February incident and when C Building inmates were subsequently transferred to restrictive housing. Plaintiff opposes the motion, seeks a stay and an evidentiary hearing, and requests counsel.

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of*

*Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### IV. DISCUSSION

#### A. Personal Involvement

As Defendants correctly note, the Complaint contains no allegations against Defendants Stacey Hollist ("Hollist"), Ronald Hosterman ("Hosterman'), or Commissioner Perry Phelps ("Phelps"). Only Pierce is mentioned in the Complaint.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325, (1981) (liability in § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Pierce, a non-medical prison official, must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Here, Plaintiff alleges that he did not receive medical treatment upon the direct order of Pierce. Pierce was the warden at the time of the incident, and liability may be imposed based upon the allegation that he personally directed the medical staff to not treat inmates following the incident. Because of the facts as alleged, the Court will deny the motion to dismiss the medical needs claim raised against Pierce. The SHU Due Process/Eighth Amendment claims will be discussed below.

Finally, the Court will dismiss Hollist, Hosterman, and Phelps as the Complaint contains not contain any allegation directed toward any of these defendants.

**B.     SHU/Due Process, Eighth Amendment**

The Complaint alleges that Plaintiff's constitutional rights were violated following the February 2017 hostage incident when he was transferred from his medium classification level to SHU and, for six days, housed without a change of clothing, clean sheets, toiletries, soap, or blankets, and received only two meals per day with shortened food trays.

4

To succeed on a due process claim, Plaintiff must first demonstrate that he was deprived of a protected interest. *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002). The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. *See id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Because segregation at a different administrative security level is the sort of confinement that Plaintiff should reasonably anticipate receiving at some point in his incarceration (depending on events and his conduct), his transfer to less amenable and more restrictive custody does not implicate a liberty interest that arises under the Due Process Clause. *See Fountain v. Vaughn*, 679 F. App'x 117, 120 (3d Cir. Feb. 17, 2017) (citing *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002)).

State-created liberty interests protected by the Due Process Clause are assessed by focusing on the nature of the deprivation. *See Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). In deciding whether a protected liberty interest exists, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *See Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003). The United States Court of Appeals for the Third Circuit has held that a State prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *See Griffin v. Vaughn*, 112 F.3d 703, 706-09 (3d Cir. 1997); *see also Fountain v. Vaughn*, 679 F. App'x 117, 120 (3d Cir. Feb. 17, 2017) (placement in segregated population for less than one month not atypical or significant hardship that

5

would deprive plaintiff of state-created liberty interest). When Plaintiff commenced this action he had been housed in SHU for less than two months.

The Complaint does not demonstrate that Plaintiff was derived of a liberty interest. Hence, it fails to state a cognizable due process claim as a result of Plaintiff's placement in SHU. Therefore, the Court will grant Defendants' motion to dismiss this claim.

To the extent Plaintiff alleges he was subjected to unlawful conditions of confinement while housed in SHU, the claim is subject to dismissal. Where conditions are not "cruel and unusual" but merely "restrictive and even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992). Here, Plaintiff was placed in SHU following a hostage incident which resulted in the death of a corrections officer. Moreover, the conditions he complains of lasted only six days and, as described, cannot be said to be inhuman or totally without penological justification. Therefore, the conditions of confinement claim will be dismissed.

### C. Stay/Evidentiary Hearing/Request for Counsel

In Plaintiff's opposition he seeks a stay and an evidentiary hearing. (D.I. 14) Both requests will be denied. He also requests counsel to help litigate and present his arguments. Plaintiff refers to his out-of-state confinement in Pennsylvania, and states that he has no legal knowledge of Delaware's rules and statutes.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*,

6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155; *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) -- now § 1915(e)(1) -- does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, Plaintiff has shown the ability to represent himself in this case. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 14) Should the need for counsel arise later, one can be sought at that time.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part Defendants' motion to dismiss (D.I. 12); (2) deny Plaintiff's request for a stay and request for an evidentiary hearing (D.I. 14); and (3) deny Plaintiff's request for counsel without prejudice to renew. (D.I. 14) The medical needs claim raised against Pierce is the only claim that remains.

An appropriate Order follows.